UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| ERBIE PRICE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) NO. 2:19-cv-00078 |
| CITY OF SPARTA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Erbie Price, a Tennessee resident, filed a *pro se* Complaint under 42 U.S.C. § 1983 against the City of Sparta. (Doc. No. 1.) Plaintiff also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 2.) Both are now before the Court.

I.  Application for Leave to Proceed *In Forma Pauperis*

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Price's *in forma pauperis* application that he cannot pay the full $400.00 filing fee in advance, the application will be granted.

II. Initial Review

The Court must conduct an initial review of the Complaint and dismiss any action filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007) (holding the screening procedure established by § 1915(e) also applies to *in forma pauperis* complaints filed by non-prisoners).

A.      Standard of Review

In reviewing the Complaint, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)), that rises "above the speculative level," Twombly, 550 U.S. at 555. The Court "need not accept as true legal conclusions or unwarranted factual inferences," DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (quoting Gregory v. Shelby Cty., 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice," Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383; Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Even under this lenient standard, however, *pro se* plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004); Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to ferret out the strongest cause of action on behalf of *pro se* litigants" and the responsibility of the court "does not encompass advising litigants as to what legal theories they should pursue").

B.	Factual Allegations

Liberally construing the Complaint and drawing the necessary reasonable inferences, the following factual allegations are accepted as true for the purpose of conducting an initial review. On June 7, 2019, Erbie Price was riding his bicycle when a dog came out of the yard of Jackie Taylor at 15 North Wilson St., Sparta, Tennessee, and bit Price on the left leg. (Doc. No. 1 at 7.) Price had previously complained about the dog to its owner, to the Sparta Police Department, and to the Sparta dog catcher. (Id.) The Police Department had referred Price to Paul Falt, the dog catcher, and on the day Price was bitten, Falt told Price that he would investigate. (Id. at 7-8.)

After being bitten, Price made a police report. (Id. at 8.) Sparta Police Officer Thompson spoke with Taylor, the dog's owner, but declined to take any action. (Id.) Price then spoke to Sparta City Administrator Bran Hennessee, who asked Price to put his concerns in writing. (Id.) Hennessee later called Price to his office and informed him that the police and dog catcher "did their job." (Id.) Price believes that Falt, Thompson, and Hennessee did not act as required by the Sparta City Code, and complains that the owner is still in possession of the dog. (Id. at 7-8.)

C.	Discussion

Price alleges that the City of Sparta is liable under § 1983 for violating his rights. (Id. at 3.) In order to state a claim under § 1983 for which relief may be granted, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ., 542 F.3d 529, 534 (6th Cir. 2008) (citing McQueen v. Beecher Cmty. Sch., 433 F.3d 460, 463 (6th Cir. 2006)). While the City of Sparta is a suable entity, it is responsible under Section 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." Connick v. Thompson, 563 U.S. 51, 60 (2011) (internal citations and quotation marks

omitted). Under § 1983, a municipality can only be held liable if a plaintiff demonstrates an alleged federal violation that was a direct result of the municipality's official policy or custom. Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir. 2013) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693 (1978)); Anciani v. Davidson Cty. Sheriff Office, No. 3:19-CV-00169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019).

Here, Price has not alleged the deprivation of any right "secured by the Constitution or laws of the United States." Rather, he alleges only that three city employees acted contrary to the Sparta City Code (which Price attaches to the Complaint and refers to multiple times). (Doc. No. 1 at 7-8, 13-24.) The Sparta City Code consists of local ordinances, and therefore does not create federal rights that that may give rise to a § 1983 claim. Price therefore fails to state a claim under § 1983, and the Complaint must be dismissed.

III.  Conclusion

For the reasons explained above, Price's *in forma pauperis* application (Doc. No. 2) is **GRANTED**. The Court finds that Price fails to state a § 1983 claim upon which relief can be granted against the City of Sparta, and the Complaint is **DISMISSED**.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). Because an appeal would not be taken in good faith, Price is not certified to appeal the judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE